# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE IN HAC PARTE KNOX COUNTY DISTRICT ATTORNEY GENERAL RANDALL E. NICHOLS ON RELATIONSHIP OF BRADLEY J. MAYES, ET AL. V. JOHN E. OWINGS, ET AL.

### Appeal from the Chancery Court for Knox County
### No. 175387-3    Frank V. Williams, III, Chancellor

_____

### No. E2010-00463-COA-R3-CV - FILED AUGUST 27, 2010

_____

The defendants in this matter have filed a motion to dismiss the appeal, alleging that the Notice of Appeal was not timely filed. The attachments to the motion support the allegation. Therefore, this court does not have subject matter jurisdiction and the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

Herbert S. Moncier, Knoxville, Tennessee, for the appellant, Bradley J. Mayes.

John A. Lucas, Knoxville, Tennessee, for the appellee, John E. Owings.

Darryl G. Lowe, Knoxville, Tennessee, for the appellees, Dean B. Farmer and Hodges, Doughty and Carson, PLLC.

**MEMORANDUM OPINION[1]**

**I. BACKGROUND**

---

[1]Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

The trial court heard argument on the defendants' motion to dismiss (and other motions) on November 13, 2009. The motion to dismiss was granted from the bench. On November 16, 2009, before an order was entered, Mr. Mayes filed multiple post-trial motions. On November 23, 2009, the trial court entered its written order dismissing Mr. Mayes' complaint.

On January 7, 2010, the trial court heard argument on Mr. Mayes' prematurely filed post-hearing motions. The following day, Mr. Owings' counsel circulated proposed orders to all counsel. Counsel for Mr. Farmer and Hodges Doughty Carson approved them. Mr. Mayes' counsel, however, never responded to counsel's letter or follow-up email message. On January 11, 2010, Mr. Owings' counsel sent the proposed orders to the trial court. The proposed order was marked "Notice of Entry Requested." Mr. Owings' counsel served a copy of his letter on Mr. Mayes' counsel by mail, but did not include a certificate of service on the order.

On January 21, 2010, the trial court signed the order denying Mr. Mayes' post-trial motions. The order was stamped "Entered" and was dated January 21, 2010. The Clerk and Master of the Knox County Chancery Court certified that a true and accurate copy of the order was mailed to all parties on February 1, 2010. On February 25, 2010, Mr. Mayes filed a Notice of Appeal.

The defendants subsequently moved this court to dismiss the appeal filed by Mr. Mayes, asserting, inter alia, that this court lacks jurisdiction over the appeal because the Notice of Appeal was untimely filed. Mr. Mayes' counsel insists that the date of entry should be the date on which the Clerk and Master certified mailing a copy of the order to him.

## II. DISCUSSION

The motion denying Mr. Mayes' post-hearing motions was "entered" on January 21, 2010. From that date, Mr. Mayes had 30 days to file his Notice of Appeal. Tenn. R. App. P. 4(a). To calculate the 30 days, the date the judgment was entered is not included and the period begins the following day. Tenn. R. Civ. P. 6.01. The last day of the time period is included unless it is a Saturday, Sunday, or legal holiday. Tenn. R. Civ. P. 6.01. Because the time period is 30 days, intermediate Saturdays, Sundays, and legal holidays are included. Tenn. R. Civ. P. 6.01. Accordingly, the deadline for filing the Notice of Appeal was Monday, February 22, 2010. Mr. Mayes did not file his Notice of Appeal until February 25, 2010. Thus, his Notice of Appeal was untimely and this court lacks jurisdiction to hear his

appeal.[2]

## III. CONCLUSION

This appeal is dismissed and this cause is remanded to the Knox County Chancery Court for further proceedings consistent with this opinion and for collection of the costs below. Costs on appeal are taxed to the appellant, Bradley J. Mayes.


PER CURIAM

---

[2]As we lack jurisdiction, this court will not consider the other issues addressed in the defendant's motion to dismiss.